**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WELLS FARGO HOME MORTGAGE,
f/k/a Norwest Mortgage Inc.,

      Plaintiff,                                Case No. 06-12088
                                                          Hon. Marianne O. Battani

v.

DONALD L. BRAMLAGE, JR.
and DONNA L. BRAMLAGE,

      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
AND FOR COSTS AND ATTORNEYS' FEES**

Plaintiff initiated this eviction action in Grosse Pointe Park Municipal Court pursuant to the Summary Proceedings Act, Mich. Comp. Laws §§ 600.5701 et seq. Defendants timely removed to this Court, pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff subsequently filed its Motion to Remand and for Costs and Attorneys' Fees (Doc. #6).

The Court finds oral argument will not aid in the resolution of this motion, see E. D. Mich. LR 7.1(2)(2), and notified the parties that its decision would be based on the briefs. For the reasons that follow, the Court **REMANDS** this matter to the Grosse Pointe Park Municipal Court and **GRANTS** Plaintiff attorneys' fees and costs.

**I. BACKGROUND**

Defendants removed this action on the basis of diversity of citizenship. After the matter was removed, Defendants filed a Countercomplaint alleging a breach of contract. In their Notice of Removal, Defendants assert that they are Michigan residents, see Notice of Removal at ¶ 2(b), an admission giving rise to Plaintiff's motion. Under 28 U.S.C.

§1441(b), a Michigan resident may not remove a state court proceeding to this Court on the basis of diversity of citizenship. Moreover, in their response to the motion, Defendants admit that they removed this matter without reading and interpreting 28 U.S.C. § 1441(b), albeit "innocently and without any detrimental intent." Defendants' and Counter-Plaintiffs' Brief in Opposition to Motion to Remand and for Costs and Attorney Fees at 2. Defendants nevertheless assert that the existence of the Countercomplaint, which is based on diversity of citizenship, provides a basis for the Court to exercise jurisdiction. Specifically, Defendants ask the Court to exercise supplemental jurisdiction over the Countercomplaint pursuant to 28 U.S.C. § 1367(a), which reads:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case and controversy under Article II of the United States Constitution.

Defendants conclude that the exercise of supplemental jurisdiction is mandatory, and therefore, the Court must deny Plaintiff's motion.

**II. STANDARD OF REVIEW**

The burden of establishing federal subject matter jurisdiction is upon the party removing the case to federal court. Her Majesty the Queen in Right of Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-98 (1921)). Removal statutes are narrowly construed because "they implicate federalism concerns." Long v. Bando Mfg. of Am., 201 F.3d 754, 757 (6th Cir. 2000). As a result, all doubts as to whether removal is proper are resolved in favor of remand to state court. Coyne ex rel. Ohio v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir.

1999).

## III. ANALYSIS

Upon application of the governing standards to the facts of this case, the Court finds removal, which is determined at the time the complaint is removed, was improper. For purposes of removal and remand, whether the action is one over which the district courts of the United States have original jurisdiction is determined by the substance of complaint at the time the petition for removal is filed. Pullman Co. v. Jenkins, 305 U.S. 534, 537-538 (1939)). The presence of a defense or counterclaim that raises a federal question is insufficient to establish federal question jurisdiction allowing removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987) ("a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated"). Nor can the Defendants avoid the prohibition in § 1441(b) by realigning themselves as the plaintiffs in a countercomplaint. The Court's review is limited to Plaintiff's complaint as it existed prior to Defendants' subsequent pleadings. Those pleadings do not form a basis for this Court to exercise jurisdiction. Accord In re Kevin Adell's Petition to Authorize the Issuance of Subpoenas for Depositions Relating to a Foreign Proceeding, 294 F.Supp.2d 917 (E.D.Mich. 2003) (rejecting supplemental jurisdiction as a basis to exercise jurisdiction because to do so over a state law claim, there must be another claim in the action over which the Court has original jurisdiction"). See 28 U.S.C. § 1367(a).

The Court's analysis is not altered by consideration of § 1367(a), which provides that if at least one of the plaintiff's claims is removable, then any purely state law claims in the same case may also be removed. See 28 U.S.C. §§ 1367, 1441(c). Supplemental

jurisdiction does not arise in the way Defendants contend and cannot be applied to the circumstances of this case. There is no support for Defendants' contention that supplemental jurisdiction is original jurisdiction. As the Sixth Circuit noted in <u>Ahearn v. Charter Township of Bloomfield</u>, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. Jun.18, 1998), "[I]t is clear from the language of the supplemental jurisdiction statute that the statute is not a source of original subject matter jurisdiction. . . ." The <u>Ahearn</u> court continued, "Likewise, the supplemental jurisdiction statute clearly does not otherwise trump the removal jurisdiction requirements: the opening sentence of § 1367 expressly limits the statute's coverage" and "it is crystal clear that supplemental jurisdiction alone will not support removal." <u>Id.</u> Because the removal statute is the procedural mechanism providing a federal court with the authority to take a case from a state court, it must necessarily be analyzed before "supplemental" jurisdiction ever comes into play. . .and the key to removal is original jurisdiction." <u>Id.</u> In sum, neither the statute nor case law interpreting the statute authorize this Court to retain jurisdiction over Defendants' Countercomplaint.

Because Plaintiff has prevailed on the merits, the Court directs its attention to Plaintiff's request for attorneys' fees and costs incurred in removal and remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is discretionary. <u>See</u> <u>Morris v. Bridgestone/Firestone, Inc.</u>, 985 F.2d 238, 240 (6th Cir. 1993). In rendering such an award, it is not necessary that the Court make a finding of improper purpose or bad faith. <u>Id.</u>

Here, the statutory provision authorizing removal clearly prohibited Defendants'

4

efforts as they are Michigan residents removing a state law claim. This Court finds fault with Defendants' decision to remove. Their position that supplemental jurisdiction allows the Court to exercise jurisdiction likewise lacks merit. Here the plain language of the statute makes explicitly clear removal was improper. Defendants have cited no authority recognizing the existence of supplemental jurisdiction as a proper basis for removal jurisdiction. Accordingly, Plaintiff's motion for attorneys' fees and costs is granted. See <u>Cavette v. Mastercard Intern., Inc.</u>, 282 F.Supp.2d 813, 819-20 (W.D. Tenn. 2003) (citing <u>Ahearn v. Charter Township of Bloomfield</u>, No. 97-1187, 1998 WL 384558, at *2 (6th Cir. Jun.18, 1998) (citations omitted) (reversing district court's decision not to award fees or costs as abuse of discretion because it was "crystal clear" that defendant's arguments did not support removal). Plaintiff has submitted an affidavit with his reply brief, that legal fees and costs totaled $1,245.50, and that these costs and expenses were reasonable and necessary. <u>See</u> Aff. at ¶¶ 3, 4. However, the Court requires a more detailed accounting of the hours worked and rates claimed, which Plaintiff may file on or before **August 7, 2006**. Defendants may file objections thereto on or before **August 24, 2006**.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

Date: <u>July 14, 2006</u>

5

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to Donald L. Bramlage and Jeffrey D. Weisserman on this date by ordinary mail and/or e-filing.

                              s/Bernadette M. Thebolt
                              Deputy Clerk